UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERMANN PFEUTI and ALFRED
ERZAK, on behalf of themselves and
others similarly situated

      Plaintiffs,

v.                                                                    Case No:   2:16-cv-364-FtM-CM

NAPLES TRANSPORATION &
TOURS, LLC, RANDALL R.
SMITH and TAMIR RANKOW,

      Defendants.

_____

ORDER

This matter comes before the Court upon review of the Notice of Filing Settlement Agreement, construed as an Amended Joint Motion for Approval of Settlement Agreement (Doc. 41), filed on November 15, 2016.   The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.   For the reasons set forth herein, the settlement is **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.   *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when

an action is brought by employees against their employer to recover back wages.   *Id.*

When the employees file suit, the proposed settlement must be presented to the

district court for the district court to review and determine that the settlement is fair

and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is

brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The
> employees are likely to be represented by an attorney who can
> protect their rights under the statute.   Thus, when the parties
> submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues
> than a mere waiver of statutory rights brought about by an
> employer's overreaching.   If a settlement in an employee FLSA
> suit does reflect a reasonable compromise over issues, such as
> FLSA coverage or computation of back wages, that are actually
> in dispute; we allow the district court to approve the settlement
> in order to promote the policy of encouraging settlement of
> litigation.

*Id.* at 1354.

Plaintiffs, Herman Pfeuti and Alfred Erzak, on behalf of themselves and others

similarly situated, brought this action against Defendants for alleged violations of

the FLSA's provisions on minimum wages, overtime wages, and retaliation.   Doc. 1.

Since the filing of the complaint, two Opt-In Plaintiffs, Rosie Mills and Kevin Bough,

have filed consents to join this collective action.   Docs. 10-1; 10-2.   Individual

Defendants, Randall R. Smith and Tamir Rankow, responded to the complaint

denying that they are employers under the FLSA and asserting that this Court has

no jurisdiction over their actions. [1]   Doc. 17 at 6.   At all times, Defendants

---

[1] Since then, the parties have filed a Joint Stipulation of Dismissal of Individual Defendants

maintained that Plaintiffs' claims are waived or mooted in that they each cashed settlement checks issued pursuant to a settlement that was supervised by the Department of Labor. *Id.*; Doc. 22 at 2. As to Plaintiffs' retaliation claims, Defendants claimed that these claims are barred by the Department of Labor's full investigation into these specific allegations and its finding that there is no basis for these claims. *Id.* at 7.

Plaintiffs and Opt-In Plaintiffs completed their answers to the Court's interrogatories. Doc. 29. Plaintiff Pfeuti claimed $5858.48 plus liquidated damages, attorney's fees, and costs.[2] Doc. 29-1 at 1. Plaintiff Erzak claimed $6,651.70 plus liquidated damages, attorney's fees, and costs. Doc. 29-2 at 1. Opt-In Plaintiff Mills claimed $5,232.20 plus damages, attorney's fees, and costs. Doc. 29-3 at 1. Opt-In Plaintiff claimed $9,994.05 plus damages, attorney's fees, and costs. Doc. 29-4.

On October 19, 2016, the undersigned conducted a settlement conference with the parties, during which the parties reached an agreement.[3] A copy of the parties' settlement agreement reached at the settlement conference has been made part of the record. Doc. 39-1 at 10-13. As part of their settlement, Defendant Naples

---

(Doc. 33), and the Court will hereby dismiss these individual Defendants with prejudice.

[2] Each of the answers claimed an amount "including" liquidated damages, attorney's fees and costs, which would suggest that the amounts listed are the total amounts claimed; however, such is not the case as Plaintiffs then specify that the amount for attorney's fees are "[n]ot calculated at this time as the case is ongoing." Docs. 29-1 at 2; 29-2 at 2; 29-3 at 2; 29-4 at 2.

[3] After the parties reached an agreement at the settlement conference before the undersigned, they also signed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge and requested that this matter be referred to the undersigned as the presiding judge for consideration and approval of their settlement agreement. Doc. 32.

Transportation and Tours LLC agreed to pay each Plaintiff and Opt-In Plaintiff one check in the amount of $4,000 representing back wages and one check in the amount of $4,000 representing other damages.   *Id.* at 11.   The settlement agreement does not include the individual Defendants, as the parties have agreed to dismiss these Defendants with prejudice.   *Id.* at 10; Doc. 38 at 1 n.1.   The parties further agreed "to enter into a full settlement agreement which shall contain" certain non-monetary provisions.   Doc. 39-1 at 12.   A copy of the Settlement and Release Agreement containing those terms has been filed with the Court.[4]   Doc. 41-1.

The parties represent that they believe this agreement constitutes a fair and reasonable resolution of a bona fide dispute.   Doc. 38 at 4.   Having conducted the settlement conference with the parties and otherwise being personally familiar with their claims and defenses, the undersigned agrees that the monetary provisions of their agreement is fair and reasonable.

As part of their settlement, the parties included certain non-monetary provisions, which the Court also finds reasonable.   The parties' agreement calls for mutual general release of claims.   In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."   *Moreno v.*

---

[4] The parties previously filed a "Confidential Settlement and Release Agreement" for the Court's review, which the Court rejected due to the confidentiality provisions.   Docs. 39-1; 40.   Pursuant to *Dees v. Hydradry, Inc.*, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."   706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).

*Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).  Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA.  *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).  For example, in *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant.  *Buntin*, 2015 WL 3407866, at *3.

Other courts have also found mutual general releases to confer a benefit on plaintiff, and thus acceptable.  *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was

exchanged for a mutual release by employer).   In this case, the mutual general release was important to each party to ensure that there will not be future litigation on events arising prior to approval.   Moreover, Defendant has agreed to provide a neutral reference with regard to each Plaintiff and Opt-In Plaintiff.   Under these circumstances, therefore, the Court finds that this provision does not render the settlement unfair or unreasonable.   Furthermore, Plaintiffs and Opt-In Plaintiffs agreed to refrain from reapplying for employment with Defendants.   "[W]here a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair." *Cruz v. Winter Garden Realty, LLC,* No. 6:12-CV-1098-ORL-22, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013).   The Court, therefore, finds that the inclusion of this particular provision does not render the agreement unfair.

As part of the settlement, the corporate Defendant further agrees to pay Plaintiffs' attorney's fees in the amount of $10,490.   Doc. 38 at 3.   The amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.   *Id.*   Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 38 at 3.   Thus, having conducted the settlement conference between the parties, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.   The Court notes, however, that there is a pending Motion to Conditionally FLSA Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (Doc. 18) and an Amended Motion to Conditionally FLSA Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (Doc. 19). Because the settlement as to the Plaintiffs in this action provides full and final relief to the plaintiffs, these motions are moot.   *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (stating "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied."); *see also Kennedy v. Simon's Lawn Care, Inc.*, No. 2:15-cv-476-FtM-29CM, 2016 WL 952159, at *1 (M.D. Fla. March 14, 2016) (denying as moot the Plaintiff's pending motion to certify collection action when the settlement as to the only two plaintiffs provided full and final relief to the plaintiffs).

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiffs' claims against Defendants Randall R. Smith and Tamir Rankow are **DISMISSED** with prejudice.

2.    The Joint Motion for Approval of Settlement (Doc. 38) is **GRANTED**, and

the Settlement and Release Agreement (Doc. 41-1) between Plaintiffs and Opt-In

Plaintiffs and the Naples Transportation & Tour LLC is **APPROVED** by the Court as

a fair and reasonable resolution of a bona fide dispute under the FLSA.

3.      Plaintiffs' Motion to Conditionally Certify FLSA Collective Action and

Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law

(Doc. 18) is **DENIED** as moot.

4.      Plaintiffs Amended Motion to Conditionally Certify FLSA Collective

Action and Facilitate Notice to Potential Class Members and Incorporated

Memorandum of Law (Doc. 19) is **DENIED** as moot.

5.      This action **DISMISSED** with prejudice, and the Clerk shall close the

file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of November,

2016.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record